IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LITTLE ROCK REED,
aka Timothy Reed,

        Plaintiff,

vs.                                                            CIVIL NO. 98-128 LFG

STATE OF NEW MEXICO et al.,

        Defendants.

## MEMORANDUM AND ORDER DISMISSING PLAINTIFF'S SECOND, FOURTH AND FIFTH CLAIMS FOR RELIEF

THIS MATTER is before the Court on Defendants' Bernalillo County, Michael Sisneros and the City of Albuquerque's Motion to Dismiss Plaintiff's Second, Fourth and Fifth Claims for Relief [Doc. 41]. In accord with the district's motion practice rule, the motion, response and reply were simultaneously filed on August 19, 1998. Oral argument is not necessary. This matter may be resolved on the parties' written submissions.

Plaintiff, Little Rock Reed, aka Timothy Reed ("Reed"), asserts in count two of his complaint a claim for "Negligence/Res Ipsa Loquitur"; in count four, he alleges "Prima Facie Tort"; and in count five, "Intentional Infliction of Emotional Distress." Reed seeks to bring these claims under the New Mexico Tort Claims Act.

Defendants request dismissal of these three counts and argue that there is no waiver of immunity for these claims under the New Mexico Tort Claims Act, and in the absence of a specific waiver, these claims are not actionable.

## Analysis

Governmental entities and public employees acting within the scope of their duties are exempt from liability for torts unless liability has been expressly waived under the provisions of the Act. Begay v. State of New Mexico, 104 N.M. 483, 723 P.2d 252 (Ct. App. 1985), *rev'd on other grounds*, Smialek v. Begay, 104 N.M. 375, 71 P.2d 1306, *cert. denied*, 479 U.S. 1026, 107 S. Ct. 67 (1986). The Tort Claims Act specifically identifies those torts for which there is a waiver of the state's immunity. Id.

> Section 41-4-4 declares that governmental entities and public employees, while acting within the scope of their duties, shall be immune from liability for any tort except as waived by the Act. Tompkins v. Carlsbad Irrigation district, 96 N.M. 368, 630 P.2d 767 (Ct. App. 1980). The public policy declaration of Section 41-4-2, and the immunities proviso of Section 41-4-4, taken together, require that plaintiffs' cause of action must fit within one of the exceptions to the immunity granted to governmental entities and public employees. If immunity has been waived, the particular agency that caused the harm may be held liable for the negligent act or omission of the public employee.

Smialek 104 N.M. at 487.

Neither prima facie tort nor intentional infliction of emotional distress are included in the list of torts for which immunity has been waived. Consequently, immunity has not been waived for these torts.

In Romero v. Otero, 678 F. Supp. 1535 (D. N.M. 1987), the court held that the New Mexico Tort Claims Act does not waive immunity of law enforcement officers for intentional infliction of emotional distress. Finding that the tort was not included in the waiver of immunity provision of the statute, § 41-4-4, the district court dismissed plaintiff's claims.

In Botello v. Las Vegas Medical Center, CIV 91-818 JC/LFG, the district court dismissed the plaintiffs' prima facie tort and intentional infliction of emotional distress claims which were brought against governmental entities because "[t]he claims are based upon intentional torts for which the New Mexico Tort Claims Act does not generally waive sovereign immunity."  The court found that there had to be an express waiver of immunity.  In the absence of a waiver, no cause of action existed against a governmental entity or public employee for acts committed in the scope of their duties.  Indeed, the judges of this district have consistently followed this analysis.  See, e.g., Pugh v. City of Portales, CIV 91-1042 SC/LFG;  Campos v. Chavez, CIV 91-1131 LH/RWM; Cling v. Valdez, CIV 94-0618 M/JHG; Kampa v. City of Albuquerque, CIV 96-1572 LFG/DJS , among others.

The New Mexico state legislature has not specifically waived immunity for these torts.  If prima facie tort and intentional infliction of emotional distress are to be recognized as torts for which immunity has been waived, the legislature must expand § 41-4-4 to include these new causes of action.  In the absence of legislative action, there is no express waiver of immunity, and, accordingly, counts four and five of Reed's complaint are dismissed with prejudice.

The Court also dismisses Reed's count two "Negligence/Res Ipsa Loquitur" for the same reasons stated above and for the additional reason that "Negligence/ Res Ipsa Loquitur" is not a tort at all.  "Res Ipsa Loquitur", a Latin phrase meaning "the thing speaks for itself" is simply a method of proving negligence by inference.  It provides for an inference of culpability under certain circumstances and allows a plaintiff to make a prima facie showing with regard to specific acts of negligence.  Romero v. Truchas Mut. Domestic Water Consumers & Mut. Sewage Works Ass'n., 121 N.M. 764, 908 P.2d 764, *cert. denied*, 120 N.M. 828, 907 P.2d 1009 (1995), *overruled on other ground,* Spectron Development Laboratory, a Div. of Titan Corp. v. American Hollow Boring, 123

3

N.M. 170, 936 P.2d 825 (N.M. App. 1997).  Similarly, there is no common-law tort of negligence. Rather, negligence is an aspect of duty and relates either to an act or a failure to act.  UJI Civ. 13-1601, Restatement Torts, § 284; Kotter v. Novak, 57 N.M. 639, 261 P.2d 827 (1953).

The Court determines that Defendants' motion is well-taken and that counts two, four and five of Reed's complaint should be dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
Stevan D. Looney, Esq.

FOR DEFENDANTS:
Joan M. Waters, Esq.
Jeffrey L. Baker, Esq.