IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LITTLE ROCK REED,
a/k/a Timothy Reed,

        Plaintiff,

vs.

        CIVIL NO. 98-128 LFG/RLP
        Consol. w/CIVIL NO. 98-1418 LFG/WWD

STATE OF NEW MEXICO et al.,

        Defendants.

## MEMORANDUM AND ORDER
## DENYING MOTION FOR ATTORNEY FEES

THIS MATTER is before the Court on Defendants Robert Schwartz, Tom Udall, Anthony Tupler's and All Prosecutor Defendants' Motion for Attorney Fees [Doc. 111]. In accord with the district's motion-practice rule, the motion, response and reply were simultaneously filed on September 13, 1999.

This case is now on appeal. Generally, the filing of a notice of appeal divests the district court of jurisdiction over issues on appeal. Marrese v. American Academy of Orthopaedic Surgeons, 470 U. S. 373, 105 S. Ct. 1327 (1985). However, the district court retains jurisdiction over "collateral matters not involved in the appeal." Garcia v. Burlington Northern R. Co., 818 F.2d 713, 721 (10th Cir. 1987). Attorney fee and cost awards are collateral matters over which the district court retains jurisdiction. Lancaster v. Independent School District No. 5, 149 F.3d 1228 (10th Cir. 1998)(citing Smith v. Phillips, 881 F.2d 902, 905 n. 9 (10th Cir. 1989))(even after a timely notice of appeal is filed, a district court may retain jurisdiction to determine the propriety and amount of attorney fees.). Thus, notwithstanding the notice of appeal, this Court will consider the present request for fees.

Defendants seek an award of attorney fees pursuant to 42 U.S.C. § 1988, which provides in pertinent part, "The court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." Clajon Production Corp. v. Petera, 70 F.3d 1566 (10th Cir. 1995).

While a fair reading of 42 U.S.C. § 1988 allows any prevailing party an award of fees subject to the court's discretion, the statute is generally not so construed. Indeed, in Vernon v. City of Los Angeles, 27 F.3d 1385 (9th Cir.), *cert. denied*, 513 U.S. 1000 (1994), the court found that while a prevailing plaintiff should ordinarily recover attorney fees unless special circumstances render an award unjust, a prevailing defendant should not routinely be awarded fees simply because he has succeeded. Rather, attorney fees are awarded to a prevailing defendant under this section only where the action is found to be unreasonable, frivolous, meritless, or vexatious. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S. Ct. 694 (1978).

Similar cases filed in the United States District Court for the District of New Mexico, i.e., A.C.O.R.N. v. New Mexico Mountain Properties Ltd, CIV 97-1396, A.C.O.R.N. v. City of Albuquerque, CIV 97-287, are in accord with the Ninth Circuit's interpretation. Attorney fees are awarded to a prevailing defendant only in those instances where the court determines that plaintiff's claims were unreasonable, frivolous or groundless.

Given the significantly complex legal saga involving Plaintiff, the Court is unable to state that his claims were frivolous from the outset. In the absence of such a conclusion, Section 1988 offers no automatic award of attorney fees for a prevailing defendant. Therefore, in accord with Vernon v. City of Los Angeles, Defendants' motion for an award of attorney fees is denied.

*[signature]*
Lorenzo F. Garcia
United States Magistrate Judge