IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LITTLE ROCK REED,
a/k/a Timothy Reed,

    Plaintiff,

vs.               CIVIL NO. 98-128 LFG/RLP
                  Consol. w/CIVIL NO. 98-1418 LFG/WWD

STATE OF NEW MEXICO et al.,

    Defendants.

## **MEMORANDUM AND ORDER AWARDING TAXABLE COSTS**

  THIS MATTER is before the Court on Defendants Robert Schwartz, Tom Udall, Anthony Tupler and All Prosecutor Defendants' Motion to Tax Costs [Doc. 115]. In accord with the district's motion-practice rule, the motion, response and reply were simultaneously filed on September 13, 1999.

  This case is now on appeal. Generally, the filing of a notice of appeal divests the district court of jurisdiction over issues on appeal. Marrese v. American Academy of Orthopaedic Surgeons, 470 U. S. 373, 105 S. Ct. 1327 (1985). However, the district court retains jurisdiction over "collateral matters not involved in the appeal." Garcia v. Burlington Northern R. Co., 818 F.2d 713, 721 (10th Cir. 1987). Attorney fee and cost awards are collateral matters over which the district court retains jurisdiction. Lancaster v. Independent School District No. 5, 149 F.3d 1228 (10th Cir. 1998)(citing Smith v. Phillips, 881 F.2d 902, 905 n. 9 (10th Cir. 1989))(even after a timely notice of appeal is filed, a district court may retain jurisdiction to determine the propriety and amount of attorney fees.). Thus, notwithstanding the notice of appeal, this Court will consider the present request for costs.

Defendants are prevailing parties and seek to recover taxable costs pursuant to D.N.M.LR-Civ. 54.1 and Fed. R. Civ. P. 6. Defendants seek to recover the costs incurred in taking the deposition of Timothy Reed, Tony Tupler, Robert Schwartz, Tom Udall, Katherine Marquez and Phillip Cheves. These depositions, or portions thereof, except that of Phillip Cheves, were used in motion practice which ultimately resulted in dismissal of Reed's case. All those costs, save for the Cheves deposition, are taxable.[1]

Plaintiff Little Rock Reed ("Reed") objects to the request for costs, stating that he is indigent. This is not a in forma pauperis case, nor has Reed submitted any affidavit of indigency. The Court rejects this contention. Secondly, Reed argues that the Court's decision may be reversed on appeal. The potential of a reversal is not a legitimate basis for denying costs that are otherwise taxable.

In sum, the Court grants Defendants' motion and awards costs in favor of Defendants and against Reed in the total amount of $1,773.94 ($2,014.81, less $240.87). The Clerk is directed to tax costs against Reed in the aforesaid amount.

                                                                                       *Lorenzo F. Garcia*
                                                                                       Lorenzo F. Garcia
                                                                                       United States Magistrate Judge

---

[1] The court reporter submitted a statement of $597.80 for both the Marquez and Cheves depositions. The Marquez deposition, which is appropriately taxable, consisted of 137 pages; the Cheves deposition consisted of 93 pages. The Court divided the total deposition bill of $597.80 by the 230 pages and determines that the total of $354.83 is attributable to the Marquez deposition and $240.87 is attributable to the Cheves deposition. Thus, the $354.83 is taxed as a cost.